# Squire *v.* The State.

### *Indictment for Murder.*

1. *Charge as to self-defense; when properly refused.*—In a prosecution for murder, a charge requested, instructing the jury that the defendant is entitled to an acquittal, if the assault was unprovoked by him, and he appeared at the time to be so menaced as to create a reasonable apprehension of danger to his life, or of grievous bodily harm, and could not have retreated without danger to his life or person, is properly refused, when the evidence as to the assault is conflicting, and the defendant's own testimony shows that, when he fired the fatal shot, he was beyond the reach of the axe in the hands of the deceased.

[Squire v. The State.]

FROM the Circuit Court of Clarke.

Tried before the Hon. WM. E. CLARKE.

The defendant in this case, Ben Squire, was indicted, jointly with one Dick Hawthorn, for the murder of William Johnson, by shooting him with a pistol; was found guilty of murder in the second degree, and sentenced to the penitentiary for the term of twenty years. The homicide occurred one Sunday morning in July, or August, 1887, at the house of one Levi Corsey, or in his front yard, under the following circumstances, as detailed by the eye-witnesses, said Corsey and his two daughters: The deceased and one Eden boarded at Corsey's house, and were sitting out on the front porch, in company with Corsey and his daughters, when the defendant and said Hawthorn came to the front gate, and called them out. Some angry words passed between the parties, when, as Corsey and his daughters each testified, the defendant and Hawthorn each drew a pistol; but Eden picked up a long stick, or pole, and knocked the defendant's pistol out of his hand, and then ran into the house and got a gun. The defendant picked up his pistol, and, on Hawthorn saying "Shoot the damned rascal," shot the defendant in the side; and on the appearance of Eden, with the gun in his hands, they both ran off. The deceased died, from the effect of the wound, on the next day. The defendant thus testified in his own behalf: "I went to Levi Corsey's gate with Dick Hawthorn. Dick hailed, and Levi asked us to come in. I told him we didn't have time, and that we wanted to see Eden and Johnson. Eden and Johnson started out to the gate. Eden pulled off his coat, and said, '*If you want a fuss, you can get it.*' I told Dick to tell him that we did not want any fuss, but just a quiet talk. Eden picked up a stick, and knocked Dick down; and he then struck me on the head, and broke the stick, and then knocked the pistol out of my hand. I picked up my pistol, and Eden went into the house. Levi and Adeline Corsey came out, and told us all to stop. Johnson got an axe, and made a lick at me with it. I backed off some fifteen steps, and shot him. When I fired, Johnson walked off towards the house, carrying the axe with him, and dropped it between the gate and the house. Eden then came out with his gun, and snapped at me, and Dick and I ran off." An axe was afterwards picked up at the spot. On these facts, the defendant requested the following charges to the jury, and duly excepted to their refusal: (1.) "If the jury believe from the evidence that the assault was unpro-

[Squire v. The State.]

voked by the defendant, and that he appeared to be so menaced at the time as to create a reasonable apprehension of danger to his life, or of grievous bodily harm; the defendant is entitled to an acquittal, provided he could not have retreated without danger to his life or person." (2.) "If the defendant did nothing to bring on the difficulty, but only fought in necessary self-defense, then he should be acquitted."

W. L. MARTIN, Attorney-General, for the State.

CLOPTON, J.—There was no error in the refusal to charge the jury, at the request of defendant, if they believed from the evidence that the assault was unprovoked by him, and he appeared to be so much menaced at the time as to create a reasonable apprehension of danger to his life, or of grievous bodily harm, he is entitled to an acquittal, provided he could not have retreated without danger to his life or person. If it be conceded that the hypothesis of the charge sufficiently supposes the facts essential to the plea of self-defense, it was properly refused on two grounds: First, it assumes as a fact, that an assault was made upon defendant by deceased; which, being disputed, and dependent on conflicting oral testimony, was a question exclusively for the jury. A charge which assumes as proved a controverted fact, is an invasion of the province of the jury, and properly refused. Second, the hypothesis is not sustained by the proof. The bill of exceptions purports to set out the entire evidence; and it fails to disclose any tending to show, or from which an inference can be drawn, that defendant appeared to be so menaced as to create in the mind of a reasonable man an honest belief of present, impending peril, or that he could not have retreated without danger. Defendant himself is the only witness, who testifies to an assault by deceased. Assuming the truth of his testimony, and using his own language, when he was struck at with the axe, he "backed off some fifteen steps and shot him." Evidently he was at that time beyond the reach of the axe. There is no pretense that deceased was pursuing, or attempting to pursue him; and no reasons are shown, why he could not have retreated with safety, so as to have avoided any necessity to take life, as easily as he escaped a blow with the axe by backing the distance of fifteen steps.—*Williams v. State*, 81 Ala. 1.

Affirmed.